IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT LEE JOHNSON )<br>6600 Georgia Avenue N.W. #101-B )<br>Washington, D.C. 20012 )<br>)<br>Plaintiff, ) | Civil Action No.: _____ |
| ) | |
| v. ) | |
| ) | |
| RALPH POLANEC General Manager )<br>at the CROWN PLAZA HOTEL )<br>1001 14th Street, N.W. )<br>Washington, DC 20005 )<br>)<br>Defendant. ) | |

## NOTICE OF REMOVAL

Defendants Ralph Polanec and Interstate Management Company, LLC d/b/a Hamilton Crowne Plaza Hotel, improperly named by plaintiff in his Complaint as Crown Plaza Hotel (hereinafter "Interstate"), by counsel, hereby file this Notice of Removal of this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §1441 and, in support thereof, state as follows:

1. On December 20, 2005, plaintiff Robert Johnson filed a Complaint in Civil Action No. 05-0009657 in the Superior Court of the District of Columbia. ( A true and accurate copy of the Complaint is attached as Exhibit A.).

2. On December 28, 2005, Plaintiff served Defendant Interstate with copies of the Summons and Complaint. (True and accurate copies of all pages filed in the Superior action are attached as Exhibit A).

3.      No further proceedings have been had in the Superior Court of the District of Columbia in connection with the above-captioned action.

4.      This is a civil action alleging discrimination and creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

5.      Defendant denies the allegations in the Complaint. Taking those allegations as true, however, as this Court must do for the purposes of determining the propriety of removal, it is clear that Plaintiff's claims are being brought under Title VII of the Civil Rights Act and therefore this Court has original jurisdiction of the above-entitled action, pursuant to 28 U.S.C. § 1331 as a case arising under the Constitution, laws, or treaties of the United States and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

6.      Furthermore, as demonstrated by the documents attached hereto, Plaintiff, According to the allegations in his Complaint, is seeking recovery of compensatory damages in the amount of $10,000,000.

7.      Plaintiff is a resident of the District of Columbia.

8.      Defendant, Interstate, is a corporation organized and existing under the laws of Delaware, with its principal place of business in Arlington, Virginia.

9.      This Court therefore also has original jurisdiction of the above-entitled action, pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship and an amount in controversy in excess of $75,000 exclusive of interest and costs and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(b).

10. This Notice of Removal is timely filed within thirty (30) days of the receipt of the Summons and Complaint in this action by Defendant Interstate. See 28 U.S.C. § 1446(b).

11. A true and correct copy of this Notice of Removal to Federal Court will be filed with the Clerk of the Superior Court of the District of Columbia. (A true and accurate copy of the Notice of Filing of Removal is attached as Exhibit B.).

12. Written notice of the filing of this Notice of Removal will be served upon Plaintiff.

**WHEREFORE**, Defendant, Interstate, prays for removal of the above-captioned action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

> **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
>
> By: _/s/ Erica H. Perkins_
> Edward R. Noonan  # 314328
> Erica H. Perkins #484162
> 1747 Pennsylvania Ave., N.W., Suite 1200
> Washington, D.C. 20006
> (202)659-6600
> Counsel for Defendant Interstate Management Company, LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Notice of Removal** was sent by first-class postage pre-paid mail, this 12th day of January 2006, to:

Robert Lee Johnson
6600 Georgia Avenue N.W. #101-B
Washington, D.C.  20012

_____
Erica H. Perkins

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

05-0009657

vs. Robert Lee Johnson **Plaintiff**
6600 Georgia Ave NW #101-B
Washington, DC 20012

**Defendant**
Crown Plaza Hotel c/o General Manager Ralph Polanec
1001 14th St. NW
Washington, DC 20005

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Robert Johnson
**Name of Plaintiff's Attorney**

6600 Georgia Ave NW
**Address** Washington DC 20012

202-726-5069
**Telephone**

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

**DEFENDANT'S EXHIBIT A**

CV(6)-456/May 03

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**Plaintiff**

05-0009657

vs. Robert Johnson
6600 Ga. Ave NW #101-e
Washington DC 20012

CIVIL ACTION No. _____

Ralph Polanec
General Manager **Defendants**
At the Crown Plaza Hotel
1001 14th St. NW,
Washington, DC
20005

**COMPLAINT**

RECEIVED
Civil Clerk's Office
DEC 16 2005
DEC 20 2005
Superior Court of the
District of Columbia
Washington, D.C.

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

I began working for the Respondent on July 8, 1996. In August 2003, I started working day time hours at the Respondent's establishment. On April 23, 2004, I came to work and saw a note left for me on a bucket of peeled potatoes. The note was written on a piece of aluminum foil and stated "4/23/04 ... for Robert ... Monster ..." The note also contained a picture on it. I was very disturbed by this note and asked my co-worker if he knew who left the note. My co-worker told me that it was
Con't

Wherefore, Plaintiff demands judgment against Defendant in the sum of $10,000,000.00 with interest and costs. Set-off-Chgd

_____
Phone:

DISTRICT OF COLUMBIA, ss

_Robert Lee Johnson_, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

_Robert Lee Johnson_
(Plaintiff                                                                Agent)

Subscribed and sworn to before me this _20th_ day of _December_ 2005.

_____
(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

See attach

② Cont

Myphoon (sp), a vietnamese co-worker, who has previously told me to "fuck off" in front of other co-workers before. The next day, Ian Mackenzie, the Human Resource officer came into the kitchen and I told him what happened and gave him the note. I also advised Mr. Mackenzie that I would follow-up my verbal complaint with a written complaint. I sent Human Resources a letter on or about April 28, 2004 memorializing my complaint of discrimination. To date no corrective or disciplinary action has been taken in response to my complaint. That is being hostile towards another employee in the work place.

II. I believe I have been discriminated against because of my race, black, in violation of the title VII of the Civil Rights Act of 1964, as amended. I was put on stress medication because of the evidence I found at work.

When Chef Tim Berger did a evaluuration conducted between me and him, he mention to me that Myphoon told him that me and Phillip didn't get along. I think that was unprofessional for a supervisor to put that in your evaluation and give you a low point, because of what an employee say. That is against the company policy. I told him why did he wait until she go to Vietnam, knowing that he would no longer be there when she gets back, so we can have a meeting all of together.

Then I found out that the Sue Chef was getting more money than I was, and we both did the same work. I did it before he came, and after he left, and I never got paid for it. I have proof of what he was making. This is the other issue that I have. Because I am an Afro American Man. This is discrimination against me.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ROBERT JOHNSON
   Vs.                                        C.A. No.    2005 CA 009657 B
CROWN PLAZA HOTEL

## INITIAL ORDER

     Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

     (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

     (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

     (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

     (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

     (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                             Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date: December 20, 2005
Initial Conference: 9:30 am, Friday, April 07, 2006
Location: Courtroom 220
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| ROBERT LEE JOHNSON<br>6600 Georgia Avenue N.W. #101-B<br>Washington, D.C. 20012<br><br>　　　Plaintiff,<br><br>v.<br><br>RALPH POLANEC General Manager<br>at the CROWN PLAZA HOTEL<br>1001 14th Street, N.W.<br>Washington, DC 20005<br><br>　　　Defendant. | Civil Action No.: 05-0009657<br>Judge Judith E. Retchin |

### NOTICE OF FILING OF REMOVAL

Comes Now, Defendants Ralph Polanec and Interstate Management Company, LLC d/b/a Hamilton Crowne Plaza Hotel, improperly named by plaintiff in his Complaint as Crown Plaza Hotel, and attaches for filing a copy of the Notice of Removal of the above-captioned matter to the United States District Court for the District of Columbia. Defendant filed the original Notice of Removal with the Clerk of the United States District Court for the District of Columbia.

　　　　　　　　　　　　　　　　　　ECKERT SEAMANS CHERIN
　　　　　　　　　　　　　　　　　　& MELLOTT, LLC

　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　Edward R. Noonan # 314328
　　　　　　　　　　　　　　Erica H. Perkins #484162
　　　　　　　　　　　　　　1747 Pennsylvania Ave., N.W., Suite 1200
　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　(202)659-6600
　　　　　　　　　　　　　　Counsel for Defendant Interstate Management Company, LLC.

DEFENDANT'S EXHIBIT B

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Notice of Filing of Removal** was sent by first-class postage pre-paid mail, this 12th day of January 2006, to:

> Robert Lee Johnson
> 6600 Georgia Avenue N.W. #101-B
> Washington, D.C. 20012

> *(signature)*
> Erica H. Perkins