## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT LEE JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:06-cv-00054 |
| | ) | |
| v. | ) | |
| | ) | |
| RALPH POLANEC and INTERSTATE | ) | |
| MANAGEMENT COMPANY, LLC, | ) | |
| d/b/a Hamilton Crowne Plaza Hotel | ) | |
| | ) | |
| Defendant | ) | |

### AMENDED ANSWER TO COMPLAINT

Defendants Ralph Polanec and Interstate Management Company, LLC d/b/a Hamilton Crowne Plaza Hotel, improperly named by plaintiff in his Complaint as Crown Plaza Hotel (hereinafter "Interstate"), by counsel, hereby answer Plaintiff's Complaint and assert Affirmative Defenses as follows:

1.    Plaintiff's complaint is not numbered but appears to be broken down into three claims.  Defendants have attempted to respond to all allegations made in plaintiff's complaint.  Any allegation not specifically addressed or specifically admitted to herin is denied.

2.    Defendants admit that Plaintiff was employed by Interstate and did in fact work in the kitchen of the Hamilton Crowne Plaza Hotel, incorrectly named by Plaintiff as "Crown Plaza Hotel".

3.    Defendants deny that Plaintiff was discriminated against based upon his race as to any of his claims.

4.    Defendants deny any violation of Title VII as to any of his claims.

## First Claim

5.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained within Plaintiff's first claim, pertaining to an alleged note, and damages Plaintiff claims he suffered as a result of the alleged note. Defendants deny that the conduct pertaining to the note constituted unlawful racial harassment or created a hostile work environment. Defendants further deny that, to the extent the Plaintiff allegedly raised a complaint of offensive behavior, Defendants failed to investigate such complaint or take appropriate remedial action.

## Second Claim

6.  Defendants deny Plaintiff's second claim, pertaining to an alleged "low point" on one of Plaintiff's performance evaluations, to the extent this claim alleges that such action was motivated by Plaintiff's race or violated Title VII.

## Third Claim

7.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained within Plaintiff's third claim, pertaining to claimed differences in pay. To the extent there were claimed differences in salary, Defendants deny that such differences were due to or motivated by racial or other unlawful discriminatory reasons, but instead were justified and determined by legitimate business reasons.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The conduct alleged in Plaintiff's Complaint, including his first claim, is insufficient to create a hostile work environment or otherwise constitute unlawful discrimination on the basis of Plaintiff's race.

### Third Affirmative Defense

Any and all actions taken by Interstate toward Plaintiff were motivated by legitimate business reasons and not motivated by Plaintiff's race.

### Fourth Affirmative Defense

Plaintiff suffered no tangible, adverse employment action.

### Fifth Affirmative Defense

Plaintiff's second claim pertaining to the "low point" on an evaluation and his third claim pertaining to alleged discriminatory pay fall outside the scope of Plaintiff's underlying charge of discrimination filed with the Equal Employment Opportunity Commission.  Accordingly, Plaintiff failed to exhaust administrative remedies as to these claims prior to including such in his Complaint.

### Sixth Affirmative Defense

The Complaint, which solely alleges a violation of Title VII of the Civil Rights Act of 1964, fails to state a cause of action against Defendant Polanec, an individual, as to any of his claims.  Further, Plaintiff failed to exhaust his administrative remedies

against Defendant Polanec by failing to file a charge of discrimination against him with the Equal Employment Opportunity Commission.

<b><u>Seventh Affirmative Defense</u></b>

Defendants assert that some and/or all of Plaintiff's claims are barred by the statute of limitations.

<b><u>Eigth Affirmative Defense</u></b>

Defendants reserve the right, upon completion of its investigation and discovery, which is ongoing and incomplete, to file such additional defenses, counterclaims, cross claims and/or third party complaints as may be appropriate.

Wherefore, Defendants, respectfully request that judgment be entered in favor of each Defendant and against Plaintiff on all claims.


**ECKERT SEAMANS CHERIN
& MELLOTT, LLC**

By: _Erica H. Per_____

Edward R. Noonan  # 314328
Erica H. Perkins #484162
1747 Pennsylvania Ave., N.W., Suite 1200
Washington, D.C. 20006
(202)659-6600
Counsel for Defendant Interstate Management
Company, LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Amended Answer was electronically filed and sent by first-class postage pre-paid mail, this 20th day of January 2006, to:

Robert Lee Johnson
6600 Georgia Avenue N.W. #101-B
Washington, D.C.  20012


Erica H. Perkins