IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT LEE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:06-cv-00054 |
| | ) | |
| v. | ) | |
| | ) | |
| RALPH POLANEC and INTERSTATE | ) | |
| MANAGEMENT COMPANY, LLC, | ) | |
| d/b/a Hamilton Crowne Plaza Hotel, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT RULE 16.3 REPORT

Plaintiff, *pro se*, and Defendants, through counsel, after conferring pursuant to the Court's Standing Order dated January 18, 2006, respectfully submit this Rule 16.3 Report pursuant to Fed. R. Civ. P. 16 and 26 and Local Rule 16.3.

**1.      Statement of the Case/Dispositive Motions/Commencement of Discovery**

Plaintiff, Robert Johnson, is a resident of Washignton, D.C. and an employee in the kitchen at the Hamilton Crowne Plaza Hotel in Washington, D.C. Defendants in this action are Ralph Polanec, general manager of the Hamilton Crowne Plaza Hotel and Interstate Management Company, LLC d/b/a Hamilton Crowne Plaza Hotel (hereinafter "Interstate") improperly named as "Crown Plaza Hotel" in Plaintiff's Complaint. Mr. Polanec is a resident of the District of Columbia. Interstate is a corporation organized and existing under the laws of Delaware, with its principal place of business in Arlington, Virginia.

On January 5, 2005, Johnson filed a charge with the EEOC (Charge No. 100-2005-00373) which alleged a violation of Title VII based upon an alleged incident of harassment in which Johnson alleges that a fellow employee wrote a note to him calling him a "monster". The EEOC dismissed this charge and issued a 90 Day notice of right to sue. Johnson, who is

proceeding *pro se*, brought suit in the Superior Court for the District of Columbia basing his claim on the note mentioned in the charge and adding discrimination allegations that the Sous Chef, a Caucasian, was paid more than he and that he received a lower evaluation based on his race. Plaintiff is suing for $10,000,000.00. This suit was removed to this Court by Defendants based on the Title VII claim as well as diversity of citizenship pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332, respectively.

There are no dispositive motions pending before the Court; thus, discovery should commence between the parties.

2.   **Dates for Joinder of Parties/Amendment of Pleadings/Stipulation of Issues:**

The parties propose that the Court set the date for joinder of additional parties and amendment of pleadings for April 30, 2006. The parties anticipate that some of the factual and legal issues can be agreed upon and narrowed as discovery is exchanged and as the case proceeds.

3.   **Reference to the U.S. Magistrate:**

The parties do not wish to proceed before a U.S. Magistrate at this time. The parties may benefit from the referral to a U.S. Magistrate for purposes of settlement discussions.

4.   **Settlement:**

The parties have not conducted formal settlement negotiations of the claims raised in the Complaint. The parties anticipate that the parties will be in a position to discuss settlement of the case more formally as discovery progresses.

5.   **Alternative Dispute Resolution:**

The parties may benefit from Alternative Dispute Resolution before a U.S. Magistrate Judge. ADR may be effective as discovery progresses. As such, parties request an ADR date to be set after the close of discovery but no later than sixty (60) days before trial.

6.   **Summary Judgment Motions and Motions to Dismiss:**

The parties propose that any dispositive motions be filed no later than forty-five (45) days after the close of discovery, oppositions/responses fifteen (15) days thereafter, replies ten (10) days thereafter, and a decision on the motions thirty (30) days thereafter.

7.   **Rule 26(a)(1) Disclosures:**

The parties will submit disclosures required by Rule 26(a)(1) within twenty (20) days after the initial status conference set for February 28, 2006. There will be no other changes to the form and requirements for the disclosures under Rule 26(a)(1).

8.   **Discovery:**

The parties should commence discovery. The parties anticipate that discovery will consist of interrogatories, request for production of documents, requests for admissions and approximately ten (10) depositions. The defendants do not anticipate the necessity of a protective order unless plaintiff seeks proprietary information or information protected by privacy laws.

The parties propose the following dates and deadlines for discovery matters:

   a.   All written discovery requests to be served by June 15, 2006.

   b.   Experts and reports pursuant to Rule 26(a)(2), if necessary, shall be disclosed by Plaintiff on or before July 15, 2006, to be delivered by hand or facsimile. Defendants' experts and reports pursuant to Rule 26(a)(2), if necessary, shall be disclosed by Defendant on or before August 15, 2006, to be delivered by hand or facsimile. Any rebuttal expert shall be named and reports provided on or before August 30, 2006, to be delivered by hand or facsimile.

   c.   Discovery is to be completed by October 1, 2006.

9. **Expert Witnesses:**

The parties do not anticipate that they will be designating expert witnesses, but regardless have set the above schedule and do not require any modification to Rule 26(a)(2).

10. **Class Action:**

This case does not involve a class action.

11. **Bifurcation of Trial/Discovery:**

The parties do not anticipate the necessity to bifurcate the trial or manage the discovery in phases.

12. **Pre-trial Conference:**

The parties propose that the Court set this matter for a Pretrial Conference sixty (60) days after the date for ruling on dispositive motions.

13. **Trial Date:**

The parties propose that the Court set this matter for trial after the pre-trial conference.

14. **Other Matters:**

There are no other matters for the Court's attention at this time.

        **Respectfully submitted,**

        */s/ Edward R. Noonan*

        Edward R. Noonan  #314328
        Erica H. Perkins #484162
        1747 Pennsylvania Ave., N.W., Suite 1200
        Washington, D.C. 20006
        (202)659-6600

        Counsel for Defendant Interstate Management Company, LLC

*/s/ Robert Lee Johnson 2/15-06*
Robert Lee Johnson, Plaintiff