IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT LEE JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:06-cv-00054 |
| | ) | |
| v. | ) | |
| | ) | |
| RALPH POLANEC and INTERSTATE | ) | |
| MANAGEMENT COMPANY, LLC, | ) | |
| d/b/a Hamilton Crowne Plaza Hotel | ) | |
| | ) | |
| Defendant | ) | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Ralph Polanec and Interstate Management Company, LLC d/b/a Hamilton Crowne Plaza Hotel, improperly named by Plaintiff in his Complaint as Crown Plaza Hotel (hereinafter "Interstate"), by counsel, hereby answer Plaintiff's Amended Complaint and assert Affirmative Defenses as follows:

1.  Plaintiff has filed three separately captioned documents all entitled "Amended Complaint". Defendants have attempted below to systematically respond to each and every allegation contained in these three documents. Any allegation not specifically addressed or specifically admitted to herein is denied.

### Plaintiff's Amended Complaint With Sixteen Enumerated Paragraphs

2.  Plaintiff's "Amended Complaint" containing sixteen (16) enumerated paragraphs appears to give only a recitation of the laws under Title VII and the Equal Pay Act. Nowhere in this entire "Amended Complaint" does Plaintiff assert any factual allegations against Defendants and therefore Defendants are not required to respond.

3. Although Defendants believe they are not required to respond to Paragraphs 1-15 of Plaitniff's "Amended Complaint", should any of paragraphs 1-15 be deemed to allege claims against Defendants, Defendants deny that any alleged conduct constituted unlawful discrimination.

4. Paragraph 16 of Plaintiff's "Amended Complaint" fails to state any claim against Defendants, and is, instead, a statement regarding settlement not requiring a response from Defendants.

5. Further, to the extent Plaintiff is claiming any of Defendants alleged conduct contained in this "Amended Complaint" was in violation of Title VII or the Equal Pay Act, Defendants assert the following affirmative defenses:

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff has failed to exhaust administrative remedies.

### Third Affirmative Defense

Plaintiff failed to bring his claims within the appropriate statutory period and therefore his claims are time-barred.

### Plaintiff's One-Page Amended Complaint
### Regarding Alleged Workplace Injuries and Racist Remarks

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained within Plaintiff's first claim, pertaining to an alleged workplace injury, and damages Plaintiff claims he suffered as a result of the alleged

2

injury. Defendants deny that Defendants' conduct as it relates to this allegation violated any law and further deny that any of Defendants' conduct pertaining to this alleged incident constituted unlawful discrimination.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained within Plaintiff's second claim, pertaining to an alleged "racist remark", and damages Plaintiff claims he suffered as a result of the alleged remark. Defendants deny that the alleged conduct constituted unlawful racial discrimination, harassment or created a hostile work environment. Defendants further deny that, to the extent the Plaintiff allegedly raised a complaint of offensive behavior, Defendants failed to investigate such complaint or take appropriate remedial action.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained within Plaintiff's third claim, pertaining to an alleged "withholding of pay", and damages Plaintiff claims he suffered as a result of the alleged "withholding." Defendants deny that the alleged conduct violated any law or constituted unlawful discrimination.

9. Further, to the extent Plaintiff is claiming any of Defendants alleged conduct contained in this "Amended Complaint" was in violation of Title VII or the Equal Pay Act, Defendants assert the following affirmative defenses:

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff has failed to exhaust administrative remedies.

### Third Affirmative Defense

Plaintiff failed to bring his claims within the appropriate statutory period and therefore his claims are time-barred.

### Plaintiff's Two-Page Amended Complaint Regarding the Alleged Note and Low Evaluation

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained within Plaintiff's first claim, pertaining to an alleged note, and damages Plaintiff claims he suffered as a result of the alleged note. Defendants deny that the conduct pertaining to the note constituted unlawful racial harassment or created a hostile work environment. Defendants further deny that, to the extent the Plaintiff allegedly raised a complaint of offensive behavior, Defendants failed to investigate such complaint or take appropriate remedial action.

11. Defendants deny Plaintiff's second claim, pertaining to an alleged "low point" on one of Plaintiff's performance evaluations, to the extent this claim alleges that such action was motivated by Plaintiff's race or violated Title VII.

12. In addition, Defendants assert to following Affirmative Defenses:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The conduct alleged in Plaintiff's Complaint, including his first claim, is insufficient to create a hostile work environment or otherwise constitute unlawful discrimination on the basis of Plaintiff's race.

### Third Affirmative Defense

Any and all actions taken by Interstate toward Plaintiff were motivated by legitimate business reasons and not motivated by Plaintiff's race.

### Fourth Affirmative Defense

Plaintiff suffered no tangible, adverse employment action.

### Fifth Affirmative Defense

Plaintiff's second claim pertaining to the "low point" on an evaluation and his third claim pertaining to alleged discriminatory pay fall outside the scope of Plaintiff's underlying charge of discrimination filed with the Equal Employment Opportunity Commission. Accordingly, Plaintiff failed to exhaust administrative remedies as to these claims prior to including such in his Complaint.

### Sixth Affirmative Defense

The Complaint, which solely alleges a violation of Title VII of the Civil Rights Act of 1964, fails to state a cause of action against Defendant Polanec, an individual, as to any of his claims. Further, Plaintiff failed to exhaust his administrative remedies against Defendant Polanec by failing to file a charge of discrimination against him with the Equal Employment Opportunity Commission.

### Seventh Affirmative Defense

Defendants assert that some and/or all of Plaintiff's claims are barred by the statute of limitations.

### Eigth Affirmative Defense

Defendants reserve the right, upon completion of its investigation and discovery,

which is ongoing and incomplete, to file such additional defenses, counterclaims, cross claims and/or third party complaints as may be appropriate.

Wherefore, Defendants, respectfully request that judgment be entered in favor of each Defendant and against Plaintiff on all claims.

                                      ECKERT SEAMANS CHERIN
                                      & MELLOTT, LLC

By: _____
      Edward R. Noonan  # 314328
      Erica H. Perkins #484162
      1747 Pennsylvania Ave., N.W., Suite 1200
      Washington, D.C. 20006
      (202)659-6600
      Counsel for Defendant Interstate Management Company, LLC.